VINCENT QUINTO *v.* CRESCIENZO
BOCCANFUSCO ET AL.
(AC 33884)

APPROVED PURIFICATION CORPORATION *v.*
CRESCIENZO BOCCANFUSCO ET AL.
(AC 33886)

Beach, Alvord and Pellegrino, Js.

Argued September 28—officially released November 13, 2012

*Donald M. Brown* for the appellants (plaintiff in each case).

*Joseph C. Sanfilippo* for the appellees (defendants in both cases).

*Opinion*

ALVORD, J. In these entry and detainer actions, the plaintiffs, Vincent Quinto and Approved Purification Corporation (corporation),[1] appeal from the judgments rendered by the trial court in favor of the defendants, Crescienzo Boccanfusco and Giuseppe Boccanfusco. On appeal, the plaintiffs claim that the court improperly concluded that they were not in actual possession of the property at issue within the meaning of the entry and detainer statute, General Statutes § 47a-43.[2] We disagree and, therefore, affirm the judgments of the trial court.

---

[1] The stock of Approved Purification Corporation, a Delaware corporation, is owned solely by Marianne Quinto, who is the mother of Vincent Quinto. Marianne Quinto is the president, and Vincent Quinto is the vice president of the corporation.

[2] General Statutes § 47a-43 (a) provides in relevant part: "When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same, or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand, or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party

The following facts and procedural history are relevant to the resolution of the plaintiffs' appeals. The defendants acquired title to 650 Knowlton Street in Bridgeport (property), a commercial property previously owned by Vincent Quinto, as the successful purchasers at a court-ordered sale to foreclose municipal tax liens (foreclosure action). The court in the foreclosure action approved the committee sale on February 17, 2011, and, after a series of motions, the return of sale with the proceeds was submitted to the court on August 19, 2011. The next day, the defendants entered the property. The gates to the lot were open and the doors to the building were unsecured. The defendants began to remove unregistered vehicles and ordered a dumpster to dispose of debris in the yard and in the building. They also secured the property with their own locks.

Vincent Quinto arrived at the property later that day and confronted the defendants, claiming that he still owned the land, building and personal property. He returned on succeeding days and made the same claims to ownership. Although the police were contacted, they considered the situation to be a civil matter. The plaintiffs then filed their entry and detainer actions in the Superior Court and were granted ex parte injunctions on August 26, 2011. At that point, the defendants ceased their cleanup operations and provided Vincent Quinto with a set of keys to the property.

A show cause hearing on the continuance of the temporary injunction commenced on September 7, 2011. At the beginning of the hearing, with the parties' consent, the court consolidated the actions for trial. Four witnesses testified during the course of the two day hearing: Vincent Quinto; Marianne Quinto; Judy Beasley, who was an acquaintance of Vincent Quinto; and

thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."

Crescienzo Boccanfusco. The plaintiffs submitted two exhibits: a list of personal property that they claimed had been unlawfully removed by the defendants, and a certificate of title in the name of Marianne Quinto to one of the motor vehicles that had been left on the property. The defendants submitted, inter alia, an assessor's field card from the city of Bridgeport and fifty-three photographs of the lot and building taken by Crescienzo Boccanfusco in the presence of Vincent Quinto on August 26, 2011.

On September 12, 2011, the court issued its memorandum of decision. The court made the following findings of fact: (1) the subject building is a 2880 square foot masonry building with a flat tar and gravel roof and is located on 0.29 acres of land; (2) the property is zoned for light industrial use; (3) when the defendants arrived at the property on August 20, 2011, the gates to the chain-link fence that enclosed the property were open and the doors to the building were unsecured; (4) the area surrounding the building was overgrown with trees and shrubs from years of neglect; (5) approximately sixteen unregistered motor vehicles were located in the parking lot and appeared to have been left there for an extended period of time; (6) stoves, washing machines, clothes dryers and bathtubs also were stored in the parking lot and appeared to have been left there for an extended period of time; (7) the interior of the building was cluttered with piles of garbage and debris; (8) the building had not been serviced by utilities for several years; water and electrical service had been discontinued in 2009 and 2007, respectively; (9) the interior walls of the building were covered with mold and filth, and insulation was hanging from the ceiling rafters; (10) the interior of the building was "unsafe, unhealthy and not fit for human habitation"; (11) the corporation ceased business operations at the property in December, 2010; and (12) mail for the corporation had been

directed to Marianne Quinto's home in Trumbull since December, 2010.

Although Vincent Quinto testified at the hearing that he had resided in the building on the property since May 1, 2011, the court found his claims to be "simply not credible." His testimony, according to the court, was severely undermined by his admissions in documents filed with the court that listed his address as 30 Stevens Street in Bridgeport. When the plaintiffs filed their entry and detainer actions, Vincent Quinto did not list the property as his current address, but rather listed the address of his attorney. The corporation listed a Delaware address as its current address. Furthermore, the court found Vincent Quinto's claims of actual possession to be not credible "considering the deplorable condition of the premises and the lack of any objective evidence to indicate human habitation." The court then discussed applicable case law and concluded that the plaintiffs failed to demonstrate that they had exercised dominion and control over the property. Accordingly, the court dismissed the plaintiffs' actions.

On appeal, the plaintiffs claim that the trial court's conclusions were improper because the testimony of their witnesses proved that they had not abandoned the property and were in actual possession when the defendants entered the property on August 20, 2011. The plaintiffs' arguments, therefore, are addressed to the factual findings of the court and the legal conclusions drawn therefrom. "Our review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Wilcox* v. *Ferraina*, 100 Conn. App. 541, 549–50, 920 A.2d 316 (2007). "When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Bedard* v. *Weston Motors, LLC*, 121 Conn. App. 760, 764, 998 A.2d 193, cert. denied, 298 Conn. 905, 3 A.3d 68 (2010).

"The process of forcible entry and detainer, provided by our statutes, is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, and who has been forcibly deprived of it, may be restored to the possession and enjoyment of that property. This process is for the purpose of restoring one to a possession which has been kept from him by force. . . . For a plaintiff to prevail, it must be shown that he was in actual possession at the time of the defendant's entry. . . . Section 47a-43 was made to protect a person in such possession . . . from disturbance by any but lawful and orderly means." (Internal quotation marks omitted.) Id.

"A plaintiff suing under the forcible entry and detainer statute must prove his *actual* possession of the land or property from which he claims to have been dispossessed. . . . The question of whether the plaintiff was in actual possession at the time of the defendant's entry is one for the trier of fact. . . . Generally, the inquiry is whether the individual has exercised the dominion and control that owners of like property usually exercise. . . . [I]t is not necessary that there be a continuous personal presence on the land by the person maintaining the action. There, however, must be exercised at least some actual physical control, with the intent and apparent purpose of asserting dominion."

(Emphasis in original; internal quotation marks omitted.) *Wilcox* v. *Ferraina,* supra, 100 Conn. App. 550–51.

In the present case, the court determined, on the basis of its findings of fact, that "[Vincent] Quinto was not a resident of the [property] on the operative date" and that both plaintiffs failed to make the requisite showing that they exercised sufficient dominion and control over the property to find actual possession within the meaning of § 47a-43. As stated by the court: "The court does not accept the deposition of debris, useless equipment, broken furniture and junk automobiles (even if one can produce a certificate of title for one out of sixteen vehicles) on a piece of property as a legitimate indicia of the exercise of dominion and control sufficient for the court to make a finding of actual possession."

Our careful review of the record reveals ample support for the court's factual findings. We decline the plaintiffs' invitation to reweigh the evidence. "Once again, this court is compelled to state, what has become a tired refrain, we do not retry the facts or evaluate the credibility of witnesses." (Internal quotation marks omitted.) *Wilcox* v. *Ferraina,* supra, 100 Conn. App. 555. Given the evidence in the record, we cannot say that the court's finding that the plaintiffs were not in actual possession of the property was clearly erroneous.

The judgments are affirmed.

In this opinion the other judges concurred.